**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **LARRY SHINHOLSTER** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **NO:** 5:14-CV-160-MTT |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CITY OF GORDON** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

COMES NOW, Plaintiff Larry Shinholster ("Mr. Shinholster" or "Plaintiff"), and hereby files this Complaint for Damages an Equitable Relief against the City of Gordon ("Defendant"), as follows:

**INTRODUCTION**

1.

This action arises under the provisions of the Civil Rights Act of 1991, 42 U.S.C. §1981, as amended ("Section 1981"). Defendant failed to promote Mr. Shinholster from a part-time patrolman position to a full-time patrolman position because of his race, African-American, in spite of Mr. Shinholster's 30 years of

service with the City's police department. Defendant also discriminatorily terminated his employment because of his race. Mr. Shinholster is seeking damages to redress the deprivation of his rights by Defendant's discriminatory employment practices on the basis of race.

**PARTIES**

2.

Mr. Shinholster is a United States Citizen and resident of the Middle District of Georgia.

3.

Defendant is a political subdivision of the State of Georgia within the Middle District of Georgia and is subject to the jurisdiction and venue of this honorable Court.

4.

Defendant can be served with process by delivering a copy of Summons and Complaint to Mary Ann Whipple-Lue, Mayor of the City of Gordon, 115 College St, Gordon, GA 31031.

5.

Defendant is an "employer" within the meaning of Section 1981.

6.

Mr. Shinholster is an "employee" within the meaning of Section 1981.

7.

At all times material to this Complaint, Plaintiff and Defendant were parties to a contract under which Plaintiff agreed to work for Defendant and Defendant agreed to compensate Plaintiff for his services.

## JURISDICTION AND VENUE

8.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367(a) and other applicable law.

9.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Middle District of Georgia.

10.

Defendant is a political subdivision within this State and District.

11.

Defendant is subject to the jurisdiction of this Honorable Court.

12.

The conduct described herein was committed or authorized by officials whose acts can fairly be deemed to be actions of Defendant with the deliberate intent to violate Mr. Shinholster's rights under Section 1981.

**UNDERLYING FACTS**

13.

Mr. Shinholster began his employment as a part-time patrolman with Defendant's police department on or around July 6, 1980.

14.

On September 19, 2011, Mr. Shinholster applied for a promotion to a full-time patrolman.

15.

On November 14, 2011, Mr. Shinholster was notified that he was not selected for the promotion to full-time patrolman.

16.

John Jackson, a less qualified Caucasian man, was hired for the position.

17.

Mr. Shinholster also applied for a promotion to full-time patrolman in 1985, 2002, and 2012. Less qualified Caucasian men also received those positions.

18.

On April 19, 2012, Mr. Shinholster filed a Charge of Discrimination with the EEOC alleging discrimination based on his race and age regarding Defendant's failure to promote him to a full-time patrolman position in November 2011 (Charge No. 410-2012-03642). On or about September 29, 2012, Defendant denied Mr. Shinholster yet another full-time patrolman position. Again, the full-time patrolman position was filed by a less qualified Caucasian male. Defendant laid-off Mr. Shinholster on November 15, 2012.

19.

On December 4, 2012, Mr. Shinholster filed another EEOC Charge (Charge No. 410-2013-01174) alleging race discrimination and that his lay-off was in retaliation for filing his original Charge.

20.

The EEOC issued a cause determination on September 26, 2013, finding that Defendant had discriminated against him on the basis of his race when it failed to promote him to full-time patrolman in 2011 and 2012.

21.

Specifically, the EEOC noted in its Determination Letter that Mr. Shinholster "clearly possessed more years of experience than the two White

applicants that were hired." The EEOC also determined that "[Defendant's] proffered reason for not selecting Charging Party on a full-time basis [did] not withstand scrutiny and is a pretext for discrimination."

**COUNT I**
**FAILURE TO PROMOTE BASED ON RACE IN VIOLATION OF SECTION 1981**

22.

Paragraphs 1-22 are hereby re-incorporated and re-alleged as though fully set forth herein.

23.

Defendant subjected Mr. Shinholster to treatment that was disparate from other similarly situated non-African-American employees.

24.

Defendant discriminated against Mr. Shinholster with respect to the terms and conditions of his employment because of his race.

25.

At all times material to this Complaint, Plaintiff was qualified for a full-time patrolman position and applied for a promotion numerous times.

26.

Despite being the most qualified candidate amongst those that applied for the full-time patrolman positions, Defendant repeatedly discriminated against Mr. Shinholster by denying him the promotions because of his race.

27.

Any legitimate reason asserted by Defendant for Mr. Shinholster's failure to be promoted is pretext for unlawful race discrimination.

28.

As a direct and proximate result of Defendant's conduct, Mr. Shinholster is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, pre-judgment interests, attorneys' fees and costs of litigation.

29.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Mr. Shinholster's federally protected rights.

30.

As a result of Defendant's conduct, Mr. Shinholster is also entitled to punitive damages for the violation of his rights under Section 1981.

31.

In addition, as a direct and proximate result of Defendant's conduct, Mr. Shinholster has been deprived income in the form of wages as well as other benefits of employment.

**COUNT II**
**TERMINATION BECAUSE OF RACE IN VIOLATION OF SECTION 1981**

32.

Paragraphs 1-32 are hereby re-incorporated and re-alleged as though fully set forth herein.

33.

Defendant subjected Mr. Shinholster to treatment that was disparate from other similarly situated non-African-American employees.

34.

Defendant discriminated against Mr. Shinholster with respect to the terms and conditions of his employment because of his race.

35.

Plaintiff was qualified for his position and performed the duties of his position well throughout his 30-year career.

36.

Defendant terminated Mr. Shinholster's employment based on his race.

37.

Any legitimate reason asserted by Defendant for Mr. Shinholster's discharge is pretext for unlawful race discrimination.

38.

As a direct and proximate result of Defendant's conduct, Mr. Shinholster is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, pre-judgment interests, attorneys' fees and costs of litigation.

39.

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Mr. Shinholster's federally protected rights.

40.

As a result of Defendant's conduct, Mr. Shinholster is also entitled to punitive damages for the violation of his rights under Section 1981.

41.

As a direct and proximate result of Defendant's conduct, Mr. Shinholster has been deprived of income in the form of wages as well as other benefits of employment.

**COUNT III**
**UNLAWFUL RETALIATION UNDER SECTION 1981**

42.

Paragraphs 1-42 are hereby re-incorporated and re-alleged as though fully set forth herein.

43.

Mr. Shinholster engaged in activity protected by Section 1981. Specifically, April 19, 2012, Mr. Shinholster filed a Charge of Discrimination with the EEOC alleging discrimination based on his race and age regarding Defendant's failure to promote him to a full-time patrolman position in November 2011. He also engaged in protected activity when he filed an additional EEOC charge on December 4, 2012.

44.

After he engaged in protected activity, Defendant retaliated against Mr. Shinholster by failing to promote him to a full-time patrolman position and terminated his employment because he opposed race discrimination.

45.

Any legitimate reasons asserted by Defendant for failing to promote Mr. Shinholster and terminating his employment are pretext for retaliation.

46.

Defendant's actions in subjecting Mr. Shinholster to retaliation for engaging in protected activity by complaining of, and opposing race discrimination, constitute unlawful retaliation in violation of Section 1981.

47.

As a direct and proximate result of Defendant's conduct, Mr. Shinholster is entitled to both equitable and monetary relief including, but not limited to, back pay, front pay or reinstatement, pre-judgment interests, attorneys' fees and costs of litigation.

48.

Defendant's actions in violation of Section 1981 were intentional, willful, wanton, and oppressive. Additionally, and in the alternative, Defendant's actions were undertaken with reckless disregard for Mr. Shinholster's federally protected rights.

49.

As a direct and proximate result of Defendant's conduct, Mr. Shinholster is also entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Shinholster demands a **TRIAL BY JURY** and that the following relief be granted:

a. Declaratory judgment that Defendant has violated Section 1981;

b. An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Section 1981;

c. Full back pay from the date of Mr. Shinholster's unlawful failure to be promoted, taking into account all raises and benefits to which Mr. Shinholster would have been entitled but for his unlawful failure to be promoted and his termination, including, but not limited to, all fringe benefits of employment;

d. Reinstatement of Mr. Shinholster as a full-time patrolman with Defendant or, in the alternative, front pay to compensate Mr. Shinholster for lost future wages and benefits;

e. Punitive damages;

f. Attorney's fees and costs of litigation;

g. Prejudgment interests; and

h. Any and all such further relief that this Court or the finder of fact

deems equitable and just.

Respectfully submitted this 23rd day of April 2014.

**PRIOLEAU & MILFORT, LLC**

*/s/ Oscar Prioleau, Jr.*
Oscar Prioleau, Esq.
Georgia Bar No. 588510
oprioleau@mindspring.com

*/s/ Job Milfort*
Job J. Milfort, Esq.
Georgia Bar No. 515915
job@pmlawteam.com

271 17th Street, N.W., Suite 520
Atlanta, Georgia 30363
(404) 526-9400 telephone
(404) 920-3330 fax

*Attorneys for Plaintiff Mr. Shinholster*